FOREMOST LIFE INSURANCE COMPANY v WATERS

Docket No. 62932. Decided December 22, 1982. On application by the plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to that Court for consideration of other issues. Rehearing denied 417 Mich 1103.

Dorothy V. Blodgett was injured in an automobile accident and received benefits under a group disability policy provided by her employer through the Foremost Life Insurance Company. Marie Waters, as Dorothy Blodgett's guardian, brought an action for damages against the other party involved in the accident and eventually entered into a consent judgment, receiving $120,000. Foremost then brought an action against the guardian for declaratory relief, seeking a determination that it was entitled under the terms of the group policy to reimbursement from the proceeds of the tort action for the payments it had made to Dorothy Blodgett. Kent Circuit Court, George V. Boucher, J., found that Foremost was entitled to reimbursement. The Court of Appeals, T. M. Burns, P.J., and M. J. Kelly and D. F. Walsh, JJ., reversed (Docket No. 77-4423). The plaintiff applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court held:

1. Public policy does not bar an insurer from reducing its costs by requiring an insured to reimburse it, from the proceeds of a tort recovery, for payments by the insurer with respect to the occurrence which gave rise to the recovery.

2. Use of the term "subrogated" in a clause of a policy of disability insurance which clearly defines the right of the insurer to seek reimbursement for payments made to the insured from the insured's tort recovery for the same injury is not so inconsistent with the general principles of traditional subrogation as to defeat the insurer's right.

88 Mich App 599; 278 NW2d 688 (1979) reversed.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda)* for plaintiff.

*Rhoades, McKee & Boer* (by *William F. Mills)* for defendant.

PER CURIAM. At issue in this case is the interpretation of a provision of an insurance policy entitling the insurer to reimbursement when the insured has a right to recover damages from a third party. The Court of Appeals refused to allow reimbursement of the plaintiff insurance company from such a recovery. We conclude that the insurance company was entitled to reimbursement under the policy provision, and reverse.

I

Dorothy Vivian Blodgett was seriously injured in an automobile accident. The plaintiff had issued a group disability policy to Ms. Blodgett's employer, under which she received $26,714.77, apparently for medical expenses.[1] The defendant, Ms. Blodgett's guardian, filed suit against the other party involved in the accident and eventually entered into a consent judgment under which she received $120,000. The plaintiff filed a complaint for declaratory relief, seeking a determination that it was entitled to reimbursement for the amount it had paid, relying on the following policy language:

"In the event this plan pays for any services provided a claimant under this program and in the further event the claimant has a right to recover damages from any person or organization, this plan shall be subrogated in the amount of any sums paid by this plan to the rights or recovery of the claimant against any such person or organization. Upon request of this plan, the claimant

---

[1] Ms. Blodgett also received some $55,000 in benefits from her own no-fault insurer. The plaintiff made no claim that it was entitled to reimbursement out of these benefits, and they are not relevant to the issues raised in this appeal.

will execute and deliver to this plan an assignment and other instruments that may be required and do whatever else is necessary to secure such rights for this plan."

Following a non-jury trial, the circuit judge entered judgment for the plaintiff and ordered the defendant to reimburse the plaintiff for the full amount of benefits paid under the policy. The judge reasoned:

"I can find no persuasive reason for refusal to enforce a clear contractual right of subrogation. Presumably the plaintiff established its rate structure in the light of that right and the defendant's employer purchased the policy as a fringe benefit for its employees at the established rate.

"The subrogation provision is not limited to certain elements of damage, even if we were able to determine the component parts of the $120,000.00 bulk settlement by consent judgment * * *."

The Court of Appeals reviewed the general principles of subrogation and concluded that the disputed clause in this policy was inconsistent with those principles. The clause used the term "subrogated", and yet the substantive language of the provision went beyond traditional subrogation to grant a right of reimbursement even where the damages recoverable from another party were not for the same items of injury as those for which benefits were paid by the plaintiff. The Court of Appeals reasoned that the insurance policy should be strictly construed against the insurer, *e.g.,* *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324, 330; 224 NW2d 896 (1975), and looked to analogous cases dealing with reimbursement of workers' compensation carriers from recoveries from third-party tortfeasors in the context of no-fault automo-

bile insurance. *Reliance Ins Co v Messina Trucking, Inc,* 83 Mich App 159; 268 NW2d 328 (1978); *Great American Ins Co v Queen,* 86 Mich App 362; 272 NW2d 659 (1978), *aff'd* 410 Mich 73; 300 NW2d 895 (1980).[2] The Court of Appeals concluded that the insurer was not entitled to reimbursement:

"Although the parties to the insurance contract have provided for otherwise unavailable subrogation rights for plaintiff, they have not plainly indicated an intent to extend plaintiff's subrogation right so as to defeat the indemnity feature of the contract. We hold that the 'subrogation clause' of the parties' contract did not confer upon plaintiff the right to be reimbursed out of defendant's recovery from third-party tortfeasors whose obligations are entirely distinct from those of plaintiff." *Foremost Life Ins Co v Waters,* 88 Mich App 599, 606; 278 NW2d 688 (1979).

## II

Unlike cases such as *Reliance Ins Co v Messina Trucking, Inc,* and *Great American Ins Co v Queen,* this action does not present the questions of statutory construction that have led us to reject reimbursement of insurers in other contexts. Rather, it involves only the interpretation of the contract between the plaintiff and Ms. Blodgett's employer. Public policy does not bar an insurer from reducing its costs by requiring an insured to reimburse it, from the proceeds of a tort recovery, for payments by the insurer with respect to the accident which gave rise to that recovery.

[2] We initially held the plaintiff's delayed application for leave to appeal in abeyance, pending a decision in *Great American Ins Co v Queen.* That case was decided on December 23, 1980, but, as is discussed later in this opinion, it does not control the decision in this case.

To be sure, as the Court of Appeals noted, the contract provision in this case goes beyond "traditional subrogation". The recovery from the third party out of which the plaintiff seeks reimbursement was not for medical expenses, but rather for noneconomic loss. However, the subrogation clause speaks generally of "a right to recover damages from any person or organization". We do not find the mere use of the term "subrogated" to create an inconsistency that defeats the clear intent of the provision. The language of the contract clearly defines the right of the insurer to seek such reimbursement.

Thus, the Court of Appeals erred in overturning the judgment for the plaintiff.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and remand to the Court of Appeals for consideration of the issues raised by defendant that were not reached in that Court's earlier decision.

We do not retain jurisdiction.

FITZGERALD, C.J., and KAVANAGH, WILLIAMS, LEVIN, COLEMAN, RYAN, and RILEY, JJ., concurred.