AUTO CLUB INSURANCE ASSOCIATION v HENLEY

Docket No. 67009. Submitted June 22, 1983, at Lansing.—Decided December 5, 1983.

David A. Henley was injured in an automobile accident on May 1, 1978. The accident occurred due to a defective highway condition. Auto Club Insurance Association, pursuant to a no-fault insurance policy, paid Henley no-fault benefits of $63,884.94 for medical expenses and $5,884 for work loss. On November 14, 1979, Henley filed suit against the Department of State Highways in the Court of Claims. The court, Robert Holmes Bell, J., awarded Henley $558,903 for past and future lost wages, $300,-000 for past and future medical expenses, and $300,000 for pain and suffering. Auto Club then filed suit against Henley in Ingham Circuit Court, seeking reimbursement of all medical expenses and wage-loss payments and for a lien against future medical expenses. Henley counterclaimed, seeking payment of medical expenses incurred after the Court of Claims rendered its verdict in favor of Henley. Both parties moved for summary judgment. The court, Robert Holmes Bell, J., granted Auto Club's motion on the ground that the no-fault act required that Henley reimburse Auto Club for no-fault benefits paid and allowed Auto Club to offset future medical expenses to the extent of Henley's tort recovery for those same expenses. Henley appealed. *Held:*

1. The trial court did not err in ruling that Auto Club was entitled to reimbursement and a setoff of personal protection insurance benefits under the no-fault act. Henley's arguments that the amended version of § 3116 of the no-fault act should apply retroactively to prevent Auto Club's claim for reimburse-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 348.

7A Am Jur 2d, Automobile Insurance §§ 443, 444.

Right of insurer to reimbursement out of recovery against tortfeasor. 69 ALR3d 830.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[2] Subrogation rights of insurer under medical payments provision of automobile insurance policy. 19 ALR3d 1054.

ment from his tort recovery and that, even if the original language applies, Auto Club has no right to reimbursement from a third-party tort recovery where, as in this case, the third-party tort liability arose outside the scope of the no-fault act are rejected.

2. Auto Club's claim for reimbursement is not barred by the statute of limitations, laches, or equity.

3. Henley's contention that the trial court erred in denying his motion for summary judgment is without merit.

4. Henley's contention that the trial court incorrectly calculated a reasonable attorney fee to be excluded from reimbursement and setoff under the no-fault act is rejected. The court applied the applicable court rule in effect at the time Henley and his attorneys entered into their attorney-client relationship to determine the appropriate fee and correctly based the attorney fee on the total tort recovery rather than just on the $300,000 awarded for medical expenses plus interest which is subject to setoff and reimbursement.

Affirmed.

1. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — RETROACTIVITY — STATUTES.

An amendment to the section of the no-fault act which provides for reimbursement of personal protection insurance benefits paid to an injured party who subsequently recovers in tort does not apply retroactively (MCL 500.3116; MSA 24.13116).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — REIMBURSEMENT FROM TORT RECOVERY — STATUTES.

An insurance carrier which has paid allowable medical and rehabilitation expenses and work-loss benefits under a no-fault insurance policy is entitled to reimbursement out of a third-party tort recovery of the person injured by a tortfeasor whose liability arose outside the no-fault act (MCL 500.3116; MSA 24.13116).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *C. Mark Hoover* and *Gary C. Rogers*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Webb A. Smith* and *Scott A. Storey*), for defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and J. R. ERNST,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff commenced this action against defendant on September 10, 1981, seeking reimbursement for no-fault benefits paid to defendant under the Michigan no-fault act and a setoff for future medical expenses from defendant's tort recovery against the Department of State Highways. Defendant counterclaimed, seeking payment of medical expenses incurred after July 24, 1981. Plaintiff moved for summary judgment under GCR 1963, 117.2(3). Subsequently, defendant also moved for summary judgment.

The trial court granted plaintiff's motion on the ground that MCL 500.3116; MSA 24.13116 of the no-fault act required that defendant reimburse plaintiff for no-fault benefits paid and allowed plaintiff to offset future medical expenses to the extent of defendant's tort recovery for the same. Defendant appeals as of right from the trial court's entry of summary judgment in plaintiff's favor.

On May 1, 1978, defendant was severely injured in an automobile accident caused by a defective highway condition. Pursuant to a no-fault automobile insurance policy, plaintiff paid defendant no-fault benefits of $63,884.94 for medical expenses and $5,884 for work loss. On November 14, 1979, defendant brought an action against the Michigan Department of State Highways in the Court of Claims for damages he suffered due to the accident. On July 23, 1981, the Court of Claims awarded Henley: (1) $558,903 for past and future lost wages, (2) $300,000 for past and future medical expenses, and (3) $300,000 for pain and suffer-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing. Thereafter, on September 10, 1981, plaintiff commenced this action for reimbursement of all medical expenses and wage-loss payments and for a lien against future medical expenses.

I

Defendant contends the trial court erred in ruling that plaintiff was entitled to reimbursement and setoff of personal protection insurance benefits under the no-fault act.

He first argues that the amended version of § 3116 should apply retroactively to prevent plaintiff's claim for reimbursement from defendant's tort recovery.

MCL 500.3116(1); MSA 24.13116(1), as originally enacted by 1972 PA 294, provided in pertinent part:

"[A]fter recovery is realized upon a tort claim, a subtraction shall be made to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. If personal protection insurance benefits have already been received, the claimant shall repay to the insurers out of the recovery a sum equal to the benefits received, but not more than the recovery exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. The insurer shall have a lien on the recovery to this extent."

That section was amended by 1978 PA 461, effective October 16, 1978. The amended version restricts the instances where a no-fault insurer can assert a lien against a tort recovery to the following cases: (1) where the insured is injured by an uninsured motorist, (2) where the insured is injured in another state, and (3) where the insured suffers an intentionally caused injury.

We find that the amended version of § 3116 does not apply retroactively where the injury giving rise to the cause of action occurred prior to the effective date of the 1978 amendment. *State Farm Mutual Automobile Ins Co v Soo Line R Co,* 106 Mich App 138; 307 NW2d 434 (1981), *lv den* 413 Mich 920 (1982). Such is the case herein. Hence, we conclude that the trial court correctly applied § 3116 as originally enacted.

Defendant next argues that, even if the original language applies, plaintiff has no right to reimbursement from a third-party tort recovery where, as in the instant case, the third-party tort liability arose outside the scope of the no-fault act.

In *Workman v DAIIE,* 404 Mich 477; 274 NW2d 373 (1979), the Michigan Supreme Court, in construing § 3116 as originally enacted, held:

> "[A]n insurance carrier paying personal injury protection benefits is entitled to reimbursement from the tort recovery of a person injured as a result of a motor vehicle accident only if, and to the extent that, the tort recovery includes damages for losses for which personal injury protection benefits were paid." *Workman,* p 510.

The *Workman* Court stated that the essential purpose of § 3116 is "to prevent double recovery". The tortfeasor liability in *Workman* arose out of the ownership, maintenance, or use of a motor vehicle pursuant to § 3135 of the no-fault act. Section 3135 generally allows an injured person to recover for noneconomic loss where the injured party suffered death or serious disfigurement. Because liability therein arose under § 3135, it was necessary for the *Workman* Court to interpret § 3116 in light of § 3135. Otherwise, one might recover noneconomic loss under § 3135 but have that recovery effectively taken away pursuant to

the broad reimbursement language of § 3116. The Court restricted the application of the § 3116 reimbursement provision to "personal injury protection benefits paid". The *Workman* Court then disallowed reimbursement because the tort recovery therein included damages for losses for which personal injury protection benefits were *not* paid.

In the instant case, liability of the third-party tortfeasor did not arise under the no-fault act pursuant to § 3135. The question then becomes whether § 3116 is applicable only in conjunction with § 3135 recoveries or whether § 3116 can be applied to those cases where third-party tortfeasor liability arises outside the no-fault act. There is an apparent split on this issue. See *State Farm v Soo Line R Co, supra,* and *Schwark v Lilly,* 91 Mich App 189; 283 NW2d 684 (1979), *rev'd on other grounds* 411 Mich 909 (1981). We prefer to follow the rationale enunciated in *State Farm v Soo Line R Co.* That Court held:

"The question, then, is does the admonition in *Workman* followed by *Schwark* and *Auto-Owners* that § 3116 be construed in light of § 3135 have the result that the reimbursement provision of § 3116 has no applicability to a third-party recovery where the third-party liability arises outside the scope of the no-fault act? We think not. Although *Workman* held that § 3116 should be construed in light of § 3135, it has never been held that § 3116 is only applicable to § 3135 recoveries. The rule announced [in *Workman]* was that 'an insurance carrier paying personal injury protection benefits is entitled to reimbursement from the tort recovery of a person injured as a result of a motor vehicle accident only if, and to the extent that, the tort recovery includes damages for losses for which personal protection benefits were paid'. *Workman, supra,* 510. The stated purpose of this rule is 'to prevent *double recovery'. Id.*

"To hold that § 3116 has no applicability to a third-party recovery where the third-party liability arises

outside the scope of the no-fault act would allow the possibility of double recovery to the motorist receiving injury through actions of a third-party tortfeasor whose liability does not arise out of the ownership, maintenance, or use of a motor vehicle." *Soo Line R Co, supra,* p 146.

Following the *Soo Line* rationale, plaintiff in the present case was entitled to reimbursement for the personal protection insurance benefits paid to the defendant out of the defendant's tort recovery from the Department of State Highways. The trial court did not err in granting plaintiff's motion for summary judgment under GCR 1963, 117.2(3).

## II

Defendant claims that plaintiff's claim for reimbursement is barred by the statute of limitations, laches, or equity. This claim is without merit. MCL 500.3146; MSA 24.13146 of the no-fault act governs the issue. It provides:

"An action by an insurer to enforce its rights of recovery or indemnity under section 3116 may not be commenced later than 1 year after payment has been received by a claimant upon a tort claim with respect to which the insurer has a right of reimbursement or recovery under section 3116."

Payment would not have been received by defendant before the Court of Claims issued its opinion on July 23, 1981. Plaintiff filed the present action for reimbursement on September 10, 1981. Since the action for reimbursement was commenced within one year of the time payment was received, plaintiff's action is not barred by the applicable limitation provision of the no-fault act.

### III

Defendant claims the trial court erred in denying defendant's motion for summary judgment. This contention is also without merit.

Defendant moved for summary judgment below on his counterclaim for payment of medical expenses never paid by plaintiff and incurred after July 23, 1981—when the Court of Claims rendered a verdict in his favor on the tort claim. Defendant argues that an insurer is not entitled to set off benefits until after recovery on the tort claim is "realized". MCL 500.3116; MSA 24.13116. Defendant filed no affidavits or documents in support of his motion for summary judgment. The trial court summarily dismissed defendant's motion and counterclaim without addressing the merits.

Even assuming that the term "realized", as used in § 3116, means that the insurer may not set off personal protection insurance benefits until the tort recovery has actually been paid to the injured party, the issue is moot in this case. Defendant is not entitled to payment of medical benefits since we have already held that plaintiff is entitled to reimbursement and setoff under § 3116.

### IV

Defendant contends that the trial court incorrectly calculated a reasonable attorney fee to be excluded from reimbursement and setoff under § 3116 of the no-fault act. We disagree.

Both the original and amended version of § 3116 of the no-fault act limit recovery by the no-fault insurer by excluding from reimbursement and setoff reasonable attorney fees and expenses incurred by the injured party in bringing the tort action. The trial court looked to GCR 1963, 928 in

order to determine how to set a reasonable attorney fee. The court chose to calculate the fee pursuant to GCR 1963, 928.2(2) prior to its amendment on July 9, 1981.

The version of GCR 1963, 928.2(2) in effect at that time provided:

"(2) Alternatively, the attorney and client may agree to a contingent fee of one-third of the entire recovery that does not exceed $250,000 and 20% of the next $250,000, and not to exceed 10% of any amount recovered over $500,000."

On July 9, 1981, the rule was amended to provide for a maximum allowable fee of one-third of the total recovery:

".2 The maximum allowable fee for the claims and actions referred to in subrule 928.1 is one-third of the amount recovered." GCR 1963, 928.2.

The trial court reasoned that the former version of GCR 1963, 928.2(2) should apply because it controlled contingent fee agreements at the time defendant and his attorneys entered into their attorney-client relationship. We agree. Additionally, we note that GCR 1963, 928.8 provides that the July 9, 1981, amendment to subrule 2 applies *only to contingency agreements entered into after that date.*

Additionally, defendant argues that even if the earlier version of GCR 1963, 928.2 applies, the calculation of a reasonable attorney fee should be made based only on the $300,000 awarded for medical expenses plus interest which is subject to setoff and reimbursement, rather than based on the total tort recovery of $1,154,980. Defendant's attorney fees were based on the total amount

recovered. Isolating the $300,000 awarded for medical expenses from the balance of the tort recovery would result in an inaccurate figure for this portion of defendant's attorney fees and would result in a windfall to defendant.

Affirmed.