GREAT LAKES AMERICAN LIFE INSURANCE COMPANY v
CITIZENS INSURANCE COMPANY

Docket No. 129231. Submitted June 11, 1991, at Grand Rapids.
    Decided October 21, 1991, at 9:30 A.M.

Great Lakes American Life Insurance Company, the health in-
    surer of Cruz Paiz, brought an action in the Kent Circuit Court
    against Paiz and his no-fault insurer, Citizens Insurance Com-
    pany, seeking a declaration that pursuant to its rights of
    subrogation it could rightfully claim a tort recovery secured by
    Paiz from a motorist involved in the automobile accident that
    resulted in his injury. Great Lakes had paid Paiz' medical
    expenses because Citizens' no-fault policy included a provision
    for the coordination of benefits. Paiz' tort recovery was in
    settlement of his action for noneconomic damages. The court,
    David Soet, J., granted summary disposition for Paiz. Great
    Lakes appealed.

    The Court of Appeals *held:*

    Benefits paid by a health insurer to an insured who is injured
    in an automobile accident while also covered by a no-fault
    insurance policy that provides for the coordination of benefits
    substitute for no-fault personal protection insurance benefits
    otherwise payable. The subrogation rights of the health insurer
    with respect to any tort recovery by the insured are subject to
    MCL 500.3116; MSA 24.13116, which allows an insurer to seek
    reimbursement of personal protection benefits out of an in-
    sured's third-party tort recovery only in those cases involving
    accidents occurring out of state, uninsured motorists, or inten-
    tional torts. Section 3116 expressly prohibits insurer reimburse-
    ment from an insured's third-party tort recovery where recov-
    ery is for noneconomic loss or for allowable personal protection
    insurance benefits in excess of amounts paid by the insurer.

    Affirmed.

*Hibbs, Welch & MacAlpine, P.C.* (by *John B.
Farrell, Karen Russell,* and *Valentine J. Temrow-
ski*), for Great Lakes American Life Insurance
Company.

*Farr & Oosterhouse* (by *Paul E. Jensen*), for Citizens Insurance Company.

*Buchanan & Bos* (by *John C. Buchanan, Bradley K. Glazier,* and *William W. Decker, Jr.*), for Cruz Paiz.

Amicus Curiae:

*Butler, Durham & Svikis* (by *Jonathan W. Willoughby*), for the Michigan Trial Lawyers Association.

Before: GRIBBS, P.J., and HOOD and GRIFFIN, JJ.

GRIFFIN, J. This case raises the following important issue: Does § 3116 of the no-fault act, MCL 500.3116; MSA 24.13116, preclude a health or disability insurer who has paid no-fault personal protection insurance benefits (PIP) on behalf of its insured from enforcing its contractual subrogation rights to such no-fault PIP benefits against its insured's nonduplicative, third-party tort recovery?

We answer in the affirmative and hold that under those circumstances, § 3116 of the no-fault act bars enforcement of such subrogation clauses.

I

On May 2, 1989, defendant Cruz Paiz was involved in a serious accident while riding as a passenger in an automobile operated by his nephew, William Paiz. As a result of a collision with another vehicle, Cruz Paiz sustained a spinal-cord injury that has permanently confined him to a wheelchair.

At the time of the accident, Cruz Paiz did not have a policy of Michigan no-fault automobile insurance. The parties concede, however, that at

the time of the accident, Cruz Paiz was domiciled in the Michigan household of his nephew, William Paiz. Accordingly, by operation of § 3114(1), MCL 500.3114(1); MSA 24.13114(1), Cruz Paiz is covered under the no-fault insurance policy issued by defendant Citizens Insurance Company to William Paiz. The Citizens policy contains a coordination of benefits clause that is binding on defendant Cruz Paiz. See *Crowley v DAIIE,* 428 Mich 270, 279; 407 NW2d 372 (1987).

In addition, on the date of the accident, the wife of Cruz Paiz was insured through her employer under a group health insurance policy issued by plaintiff, Great Lakes American Life Insurance Company. This policy also provides coverage to defendant Cruz Paiz. The Great Lakes policy contains a broad subrogation clause that authorizes the reimbursement of benefits paid from an insured's third-party tort recovery. The language of the subrogation clause is identical to that at issue in *Foremost Life Ins Co v Waters,* 415 Mich 303; 329 NW2d 688 (1982). Although both the Great Lakes group health insurance policy and the Citizens no-fault insurance policy contain coordination of benefit clauses, Great Lakes recognized that pursuant to *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986), it was primarily liable for covered medical expenses. Consistent with its responsibilities, Great Lakes paid defendant Cruz Paiz' substantial medical expenses, which on September 15, 1990, totaled $112,792. It is not disputed that the entirety of this amount would have been paid by the no-fault carrier as personal protection insurance benefits were it not for the coordination clause contained in the Citizens' no-fault policy.

On November 3, 1989, defendant Cruz Paiz filed a third-party tort action against the driver of the

other vehicle involved in the automobile accident. The complaint sought recovery for noneconomic damages arising out of the serious impairment of body function sustained by Paiz. Subsequently, an offer to settle for the liability policy limits of $50,000 was made and accepted.

The present case is an action in which plaintiff, Great Lakes, seeks to enforce its contractual right of subrogation against defendant Paiz' tort recovery. The complaint also seeks a declaration of rights between Paiz and Citizens in the event that Paiz is required to reimburse Great Lakes for the personal protection insurance benefits that Great Lakes has paid. The claim is made that under such circumstances defendant Citizens would be obligated to reimburse Paiz for the amounts Paiz is forced to reimburse Great Lakes.

All three parties, Great Lakes, Paiz, and Citizens, filed motions for summary disposition in the lower court. The Kent Circuit Court granted summary disposition in favor of Paiz. Great Lakes now appeals and we affirm.

## II

Understandably, the lower court had great difficulty reconciling *Foremost*[1] with prior and subsequent decisions of the Supreme Court. We agree with the result reached by the Honorable H. David Soet, although we disagree with his conclusion that *Federal Kemper* overrules *Foremost* by implication.

*Foremost* involved the construction of a subrogation clause in a contract. The holding in *Foremost*

[1] *Foremost* is an atypical decision of the Supreme Court. It is a short per curiam opinion issued in lieu of granting leave to appeal. We follow its holding, but deem it imprudent to read too much into the opinion in view of its limited analysis.

is narrow and is limited to an interpretation of contract language. The no-fault provision at issue in the instant case was not ruled upon. The sole issue resolved in *Foremost* was whether the subrogation clause was applicable to an insured's third-party tort recovery:

> At issue in this case is the interpretation of a provision of an insurance policy entitling the insurer to reimbursement when the insured has a right to recover damages from a third party. The Court of Appeals refused to allow reimbursement of the plaintiff insurance company from such a recovery. We conclude that the insurance company was entitled to reimbursement under the policy provision, and reverse. [*Foremost, supra,* p 304.]

In explaining its holding and distinguishing *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980), the Supreme Court stated:

> [T]his action does not present the questions of statutory construction that have led us to reject reimbursement of insurers in other contexts. *Rather, it involves only the interpretation of the contract between the plaintiff and Ms. Blodgett's employer.* [*Foremost, supra,* p 306. Emphasis added.]

As indicated, *Foremost* strictly involved the construction of a contract. Therefore, it may be reconciled with prior and subsequent decisions of the Supreme Court.

Additionally, we note that the present case is factually distinguishable from *Foremost.* In interpreting the *Foremost* subrogation clause, the Supreme Court was not concerned with the nature of the insurance benefits at issue. In this regard, the Supreme Court merely stated that the claim by

*Foremost* was "*apparently* for medical expenses." *Foremost, supra,* p 304. (Emphasis added.)

In footnote number one, the Supreme Court indicated that the insured in *Foremost* not only received benefits from *Foremost,* but also received $55,000 from her no-fault carrier. Clearly, because the insured in *Foremost* received both no-fault benefits and health insurance benefits, the group health insurer, Foremost, was not completely "standing in the shoes" of the no-fault carrier. Although we could speculate that all or a portion of benefits paid by Foremost substituted for no-fault personal protection insurance benefits, we refuse to engage in such conjecture. Even if the insurance benefits paid by Foremost consisted solely of reasonable and customary medical expenses, it is likely that they were paid under the pro rata approach used before *Federal Kemper* was decided. See generally *Farm Bureau Mutual Ins Co v Horace Mann Ins Co,* 131 Mich App 98; 345 NW2d 655 (1983). In such a case, we would agree with defendant Paiz that the underlying legal framework assumed by *Foremost* has been changed by the Supreme Court's subsequent decision in *Federal Kemper.*

Finally, although *Foremost* did not address § 3116 of the no-fault act, we note that the comprehensive 1978 amendments of § 3116 were not in effect for purposes of the 1974 accident at issue in *Foremost.*[2]

For these reasons, we deem *Foremost* to be controlling only with respect to the interpretation of the contract clause. We do not deem it to be binding precedent on the issue whether § 3116 bars enforcement of the contract.

[2] The 1978 amendments of § 3116 are not retroactive. *State Farm Mutual Automobile Ins Co v Soo Line R Co,* 106 Mich App 138; 307 NW2d 434 (1981).

### III

As originally enacted, the no-fault act was arguably ambiguous regarding the extent to which an insurance carrier could seek reimbursement for personal protection insurance benefit payments from an insured's third-party tort recovery. The uncertainty in the law was unequivocally resolved by a 1978 amendment of § 3116. The applicable statutory provision now reads as follows:

(1) A subtraction from personal protection insurance benefits shall not be made because of the value of a claim in tort based on the same accidental bodily injury.

(2) A subtraction from or reimbursement for personal protection insurance benefits paid or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state, a tort claim brought within this state against the owner or operator of a motor vehicle with respect to which the security required by section 3101(3) and (4) was not in effect, or a tort claim brought within this state based on intentionally caused harm to persons or property, and shall be made only to the extent that the recovery realized by the claimant is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits. A subtraction shall be made only to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. If personal protection insurance benefits have already been received, the claimant shall repay to the insurers out of the recovery a sum equal to the benefits received, but not more than the recovery exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. The insurer shall have a lien on the recovery to this extent. A recovery by an injured person or his or her estate for loss suffered by the person

shall not be subtracted in calculating benefits due a dependent after the death and a recovery by a dependent for loss suffered by the dependent after the death shall not be subtracted in calculating benefits due the injured person.

(3) A personal protection insurer with a right of reimbursement under subsection (1), if suffering loss from inability to collect reimbursement out of a payment received by a claimant upon a tort claim is entitled to indemnity from a person who, with notice of the insurer's interest, made the payment to the claimant without making the claimant and the insurer joint payees as their interests may appear or without obtaining the insurer's consent to a different method of payment.

(4) A subtraction or reimbursement shall not be due the claimant's insurer from that portion of any recovery to the extent that recovery is realized for noneconomic loss as provided in section 3135(1) and (2)(b) or for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110 in excess of the amount recovered by the claimant from his or her insurer. [MCL 500.3116; MSA 24.13116.]

It is now clear that an insurance carrier responsible for no-fault benefits may realize reimbursement from an insured's third-party tort claim only in the following situations: (1) accidents occurring outside the state, (2) actions against uninsured owners or operators, or (3) intentional torts. *Auto Club Ins Ass'n v Henley,* 130 Mich App 767, 770; 344 NW2d 363 (1983). Furthermore, reimbursement from the insured's third-party tort action is prohibited for damages realized for noneconomic loss or PIP benefits in excess of the amounts defined in §§ 3107 to 3110.

In *Workman v DAIIE,* 404 Mich 477; 274 NW2d 373 (1979), the Supreme Court construed the original version of § 3116. In rejecting the no-fault

carrier's claim of a right of reimbursement out of damages received by the insured through a tort recovery, the Court harmonized former § 3116 with § 3135 as follows:

> [W]e construe § 3116 to mean that an insurance carrier paying personal injury protection benefits is entitled to reimbursement from the tort recovery of a person injured as a result of a motor vehicle accident only if, and to the extent that, the tort recovery includes damages for losses for which personal injury protection benefits were paid. [*Id.,* p 510.]

Later, in *Great American Ins Co v Queen, supra,* the Supreme Court addressed the issue of the effect of § 3116 on a workers' compensation insurance carrier whose payment of benefits substituted for no-fault personal protection insurance benefits. In concluding that § 3116 barred the claim by the workers' compensation carrier for reimbursement from the insured's tort recovery, the Supreme Court held:

> We conclude that since the insurer in the instant case seeks reimbursement for payments which substituted for no-fault benefits otherwise payable, there is no right to reimbursement. [*Id.,* p 85.]

Although a workers' compensation carrier is not a no-fault insurance carrier, it nevertheless "stands in the shoes" of a no-fault carrier in this instance and is therefore subject to the restrictions set forth in § 3116:

> If the legislative decision, set forth in the no-fault act, that no-fault insurers are entitled to reimbursement from third-party tort recoveries only to the extent recovery represents compensa-

tion for elements of loss compensated by no-fault benefits is not extended to workers' compensation benefits which substitute for no-fault benefits, the third-party tort recovery of a person injured in a motor vehicle accident in the course of his employment would be reduced by no-fault benefits paid by the workers' compensation carrier, while the third-party tort recovery of a person not injured in the course of his employment would not be reduced.

We are persuaded that had, the Legislature considered the acts' application to the case at bar . . . it would have explicitly provided . . . [that the] reimbursement rights [of a workers' compensation carrier] are coextensive with those of the no-fault insurer whose liability it replaces and are thus limited to cases where there is tort recovery for basic economic loss. [*Great American Ins Co, supra,* pp 86-88.]

Finally, in the post-*Foremost* decisions in *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219; 407 NW2d 355 (1987), and *Sibley v DAIIE,* 431 Mich 164; 427 NW2d 528 (1988), the Supreme Court noted that, as a general rule, the no-fault act prohibits reimbursement from an insured's third-party tort recovery for personal protection insurance payments or insurance payments that substitute for personal protection insurance payments. However, in *Sibley* the Court held that it could not enforce state law as set forth in *Great American Ins Co v Queen* because of federal preemption under the Federal Employee's Compensation Act, 5 USC 8101 *et seq.*:

We are confronted here with legislation conferring on the payor of workers' compensation benefits a right of complete recovery out of the worker's tort recovery—a situation not specifically dealt with or contemplated by our Legislature when it crafted our no-fault scheme.

The primary underlying theme of the automobile no-fault act is that the automobile insurer

pays without any right of reimbursement out of any tort recovery. It is an important, but secondary, concept that where benefits are provided from other sources pursuant to state or federal law, the amount paid by the other source reduces the automobile insurer's responsibility. But to the extent that the reduction in the automobile insurer's responsibility is from a source that retrieves reimbursement from the injured person's tort recovery, the amount so retrieved should not be deemed "benefits provided" within the meaning of the automobile no-fault act relieving the primarily liable automobile insurer of its primary responsibility to pay full benefits without reduction by reason of any tort recovery. Were it to be otherwise, the worker's tort recovery, contrary to the spirit of the automobile no-fault act, would be used, in effect, to reimburse the alternative source (the federal government) of the other "benefits provided" that substituted for automobile no-fault benefits.

Because the reimbursement here is provided for by federal law, which preempts state law, we cannot, as in *Great American Ins v Queen,* 410 Mich 73; 300 NW2d 895 (1980), bar the alternative source (the federal government) from recovering against and from the tort recovery what it paid the injured worker. [*Sibley, supra,* pp 169-170.]

In view of the federal preemption and in the interest of fairness, the *Sibley* Court ordered the insured's no-fault insurer to repay to its insured those workers' compensation benefits that federal law ordered be reimbursed from the insured's tort recovery. Because such a system of reimbursement is contrary to the no-fault priority scheme as construed by *Federal Kemper,* the *Sibley* approach is limited to cases involving federal preemption.

IV

We hold that the instant case is controlled by

*Great American Ins Co v Queen.* The medical insurance benefits paid by plaintiff, Great Lakes American Life Insurance Company, substitute for no-fault benefits otherwise payable. Under such circumstances, the contractual reimbursement rights of Great Lakes Insurance are subject to the limitations of § 3116 of the no-fault act and are therefore unenforceable.

Affirmed.