**AMERICAN MEDICAL SECURITY, INC., a Delaware corporation, Plaintiff,**

v.

**STATE FARM AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and Tariq Bazzy, Defendants.**

No. 99–CV–72889.

United States District Court, E.D. Michigan, Southern Division.

Jan. 20, 2000.

Arthur J. LeVasseur, Lauren J. Hammett, Fischer, Franklin, Detroit, MI, for Plaintiff.

Thomas J. Killeen, Jr., Gofrank & Kelman, Southfield, MI, Robert J. Scarfone, Scarfone & Green, Grosse Pointe, MI, for Defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is an insurance coverage dispute. Plaintiff American Medical Security, Inc. (AMS) is the third-party administrator of a group employee medical plan that provided medical care coverage to defendant Tariq Bazzy (Bazzy).[1] When Bazzy was injured in a car accident, AMS paid his medical expenses. According to AMS, its insurance coverage was in excess of State Farm Automobile Ins. Co.'s (State Farm) no-fault policy coverage, which also covers medical expenses arising from the car accident. AMS is suing State Farm for the amounts it paid, claiming State Farm is primarily liable.

Before the Court are two motions. AMS moves for summary judgment, arguing that the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, preempts state insurance law. State Farm responds with a motion for summary judgment. State Farm argues that because the plan is not self-funded, ERISA does not preempt state law, which provides that AMS is primarily liable for Bazzy's medical expenses.

For the following reasons, ERISA does not preempt Michigan law. Under Michigan law, State Farm is secondarily liable. Accordingly, AMS's motion will be denied, and State Farm's motion will be granted.

### II.

#### A.

Bazzy was injured in a car accident in Michigan on December 6, 1996. Bazzy was employed by Alpha Store, Inc. (Alpha) and was a participant in Alpha's employee benefit plan (plan). AMS administered the plan and medical coverage was apparently provided by the United Wisconsin Life Insurance Company. Bazzy was also covered under a no-fault insurance policy, which was issued by State Farm (no-fault policy). The plan[2] and the no-fault policy[3] each contain coordination of benefits clauses. AMS paid $10,562.71 for Bazzy's medical expenses and brings this action

---

1. AMS added Bazzy as a defendant in its First Amended Complaint. However, there is no proof of service as to Bazzy and Bazzy has not filed an answer or otherwise responded to this action.

2. The plan contains the following provision on excess coverage:

    **Excess Coverage**
    No benefits are payable for Injury or Sickness for which there is other insurance providing medical payments or medical expense coverage, regardless of whether the other coverage is primary, excess or contingent. If We make payment on Your behalf, You agree to assign to Us any right You have against the other insurer.

3. State Farm relies on various section of the no-fault policy, containing coordination of benefit provisions and prohibiting double recovery. One such section provides:

    benefits shown as primary are paid by us, even if payable by another source. Benefits shown as coordinated, will be reduced by any amount paid or payable to *you* or any *relative* under any:
    1. vehicle or premises insurance;
    2. individual, blanket or group accident or disability insurance; and
    3. medical or surgical reimbursement plan

seeking reimbursement from State Farm on the ground that State Farm is primarily liable for Bazzy's medical expenses.[4]

### B.

On November 21, 1997, Bazzy filed suit against State Farm in Wayne County Circuit Court, seeking payment of personal protection insurance benefits (PPI). The case was dismissed, but continues in arbitration. State Farm asserts that "Bazzy's claim against State Farm for uninsured motorist benefits may also be made part of the arbitration proceedings."

### III.

### A.

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.*, 25 F.3d 1320, 1323 (6th Cir.

1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court "must view the evidence in the light most favorable to the non-moving party." *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 101 (6th Cir.1995).

### B.

### 1.

State Farm argues that AMS is primarily liable for Bazzy's injuries because ERISA does not preempt M.C.L. § 500.3109a.[5] The Court recently addressed this same issue in *American Medical Security v. American Automobile Ins. Co.*, 97–CV–75632 (Sept. 9, 1999 E.D.Mich) (J. Cohn) (unpublished) (the AAA case). The Court found that ERISA did not preempt relevant state law and therefore AMS was primarily liable for the insured's medical expenses. AMS argues that this case was incorrectly decided and has filed an appeal to the Court's ruling. State Farm relies on the Court's opinion in the AAA case.

In the AAA case, the Court stated:

Although § 3109a of Michigan's No-Fault Act "relates to" ERISA plans, it "regulates insurance" and thus is saved from ERISA preemption by the savings clause. *See Northern Group Servs., Inc. v. Auto Owners Ins. Co.*, 833 F.2d 85, 89–90 (6th Cir.1987).[6] *See also FMC Corp. v. Holliday*, 498 U.S. 52, 58–61,

---

4. The plan contains the following reimbursement provision:

   **RIGHT OF REIMBURSEMENT**

   You may receive benefits under the Policy, and may also recover losses from another source, including Worker's Compensation, uninsured, underinsured, no-fault or personal injury protection coverages. The recovery may be in the form of a settlement, judgment, or other payment.

   You must reimburse Us from those recoveries in an amount up to the benefits paid by U.S. under the Policy. We have an automatic lien on any recovery.

5. M.C.L. § 500.3109a provides:

   An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles

and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.

6. In *Auto Club Ins. Assoc. v. Health and Welfare Plans, Inc.*, 961 F.2d 588, 593 (6th Cir. 1992), the Sixth Circuit stated that the United States Supreme Court's decision in *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), effectively overruled *Northern Group Services* "insofar as self-insured ERISA plans are concerned." (emphasis added).

111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739–46, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). The deemer clause does not apply here because, as AMS concedes, the plan is not self-funded. *See FMC,* 498 U.S. at 61, 111 S.Ct. 403; *UNUM Life Ins. Co. v. Ward,* 526 U.S. 358, ——, 119 S.Ct. 1380, 1386 n. 2, 143 L.Ed.2d 462 (1999) ("Self-insured ERISA plans . . . are generally sheltered from state insurance regulation."). Thus, because it is saved from ERISA preemption, § 3109a of Michigan's No–Fault Act applies in this case.

AAA case at p. 5–6.

As stated in the AAA case, ERISA contains a broad preemption clause, a broad savings clause, and a narrow deemer clause. The deemer clause, which is relevant here, provides:

> Neither an employee benefit plan . . . nor any trust established under such plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144(b)(2)(B).

### 2.

AMS argues that the ERISA preempts state law regardless of whether the ERISA plan is self-funded or insured. AMS argues that there is no difference between self-funded and insured plans for purposes of preemption analysis. Rather, the focus is on whether the state law that "regulates insurance" directly effects ERISA plans.

■ AMS's argument fails to appreciate the Supreme Court's decision in *FMC Corp. v. Holliday,* 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) which differentiated between self-funded and insured plans in the context of ERISA preemption.

In *FMC Corp.* the Supreme Court interpreted the "deemer" as follows:

> We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulat[e] insurance" within the meaning of the saving clause. By forbidding States to deem employee benefit plans "to be an insurance company or other insurer . . . or to be engaged in the business of insurance," the deemer clause relieves plans from state laws "purporting to regulate insurance." As a result, self-funded ERISA plans are exempt from state regulation insofar as that regulation "relate[s] to" the plans. State laws directed toward the plans are pre-empted because they relate to an employee benefit plan but are not "saved" because they do not regulate insurance. State laws that directly regulate insurance are "saved" but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws. **On the other hand, employee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.**

498 U.S. 52 at 61, 111 S.Ct. 403, 112 L.Ed.2d 356 (emphasis added). Thus, under *FMC Corp.,* the insurance company administering an ERISA plan, may still be subject to state insurance law.

### 3.

■ AMS also mistakenly argues that the Sixth Circuit's decision in *Lincoln Mutual Casualty Co. v. Lectron Products Inc., Employee Health Benefit Plan,* 970 F.2d 206 (6th Cir.1992) and the Michigan Supreme Court's decision in *ACIA v. Frederick & Herrud,* 443 Mich. 358, 505 N.W.2d 820, compel a different conclusion. In both cases, the courts held that ERISA

preempted § 3109a. However, the plans at issue were self-funded. As the Court explained in the AAA case, these cases do not apply because the plan here is not self-funded. Accordingly, § 3109a of Michigan's no-fault act is saved from preemption.[7]

### 4.

■ Having determined that Michigan law is not preempted, the Court applies Michigan law to determine whether AMS or State Farm is primarily liable for Bazzy's medical expenses. As in the AAA case, the Michigan Supreme Court's decision in *Federal Kemper Ins. Co. v. Health Ins. Admin. Inc.*, 424 Mich. 537, 383 N.W.2d 590 (1986) controls. In *Federal Kemper*, the court held that when a health care plan and a no-fault insurer each sought to escape liability through competing coordination of benefits clauses, the health care plan is primarily liable and the no-fault insurer is secondarily liable. *See id.* at 551–52, 383 N.W.2d 590. Therefore, State Farm is secondarily liable under *Federal Kemper*. State Farm is entitled to summary judgment.

### C.

### 1.

AMS finally contends that regardless of the primacy of coverage issue, AMS has a right to reimbursement under the plan provisions from any recovery Bazzy may receive as a result of arbitration. AMS accordingly requests a declaratory judgment against any monies Bazzy may recover up to the amount of benefits AMS paid.

State Farm contends that under state law, reimbursement is limited to PPI benefits. PPI benefits comprise many types of expenses, including medical expenses, to which is the only portion that AMS would arguably be entitled. Because AMS is primarily liable for medical benefits, State Farm contends that Bazzy has no PPI claim for medical benefits from State Farm. In other words, because AMS had paid Bazzy's medical benefits, Bazzy will not be able to recover them in arbitration.

### 2.

State Farm is correct that Michigan law applies.[8] However, State Farm's arguments do not address the issue of whether, and to what extent, AMS is entitled to reimbursement. Two Michigan cases appear to resolve this issue.

In *Great Lakes American Life Ins. Co. v. Citizens Insurance Co.*, 191 Mich.App. 589, 479 N.W.2d 20 (1991), the health insurer paid the insured's medical expenses after he was injured in a car accident. Both the insurance policy and the non-fault policy had conflicting coordination of benefit clauses, but the health insurer recognized it was primarily liable under *Federal Kemper*. The insurer filed suit to enforce its right to reimbursement after the insured recovered monies against the driver. The tort recovery was in settlement of the insured's claim for non-economic damages.

■ The court in *Great Lakes* held that where medical benefits are paid by an insurer that is primarily liable, they substitute for no-fault benefits "otherwise payable." 191 Mich.App. at 600, 479 N.W.2d 20. Thus, the insurer's contractual reimbursement rights were subject to the limitations of the no-fault act, found in M.C.L. § 500.3116, regardless of the language of the contractual reimbursement provision. The court summarized these statutory limitations to cover the following situations: (1) accidents occurring outside the state, (2) actions against uninsured owners or

---

7. As noted in the AAA case, the Court's holding is consistent with the Michigan Court of Appeals' decision in *American Medical Security Inc. v. Allstate Ins. Co.*, 235 Mich.App. 301, 597 N.W.2d 244 (1999).

8. AMS's reliance on *NALC v. Lunsford*, 879 F.Supp. 760 (E.D.Mich.1995) is misplaced. *Lunsford* involved a plan that was preempted by the Federal Employees Health Benefit Act. The court applied federal law, which "permits employees who are subject to a federal reimbursement rule ... to rely on their no-fault insurer to make them whole, regardless of whether the federal plan is the primary plan." 879 F.Supp. at 764. The court therefore upheld the reimbursement provision in the ERISA plan against the no-fault insurer.

operators, or (3) intentional torts. The court also noted that M.C.L. § 500.3116 expressly prohibits reimbursement where the monies recovered were for non-economic damages or for PIP benefits in excess of the amounts paid by the insurer. Therefore, under the circumstances of the insured's tort settlement, the insurer was not entitled to reimbursement.

Similarly, in *Kitchen v. State Farm Ins. Co.*, 202 Mich.App. 55, 507 N.W.2d 781 (1993), the insured and her family brought action against their no-fault automobile insurer (State Farm) to recover benefits for the insured's special housing needs following a car accident. The insured also wanted State Farm to pay her medical expenses in the event that she would be required to reimburse her health insurer, Sysco Frostpack, out of a possible third-party tort recovery.

The court rejected the insured's argument. The court stated:

> Plaintiffs purchased a coordinated policy from defendant, placing primary responsibility for Elisha's [the insured] medical expenses upon Sysco. *Federal Kemper Ins. Co., Inc. v. Health Ins. Administration, Inc.*, 424 Mich. 537, 546, 383 N.W.2d 590 (1986). If a third-party tort action results in plaintiffs' recovery of previously paid medical expenses, then Sysco has a right to recoup its medical expenses from that recovery pursuant to M.C.L. § 500.3116(2); MSA § 24.13116(2). However, **reimbursement of Sysco for medical expenses comes from funds supplied by the third-party tortfeasor, not plaintiffs [the insured's family] or Elisha. Any further reimbursement by defendant to plaintiffs would result in duplicative recovery.** *See Great Lakes American Life Ins. Co. v. Citizens Ins. Co.*, 191 Mich.App. 589, 479 N.W.2d 20 (1991).

202 Mich.App. at 59, 507 N.W.2d 781 (emphasis added).

### 3.

From the foregoing, AMS's reimbursement rights are dictated by Michigan's no-fault law, not the contractual reimbursement provision. To the extent that AMS seeks a declaratory judgment based on the contractual provision, it cannot prevail because that provision is not enforceable.

Moreover, under Michigan no-fault law, AMS can only seek reimbursement from monies supplied to the insured by the third party tortfeasor, not State Farm. And reimbursement is limited to the situations where the accident occurred out of state, or involved either an uninsured motorist or an intentional tort. AMS may also not recover monies that were recovered to compensate for non-economic damages. *See* M.C.L. § 500.3116(4).

Here, it is unclear whether the accident involved an insured motorist, but State Farm has asserted that arbitration may cover such a claim. The other situations do not appear to apply. However, no such third-party action has been filed nor has Bazzy received any monies. The pending arbitration is between State Farm and Bazzy.

Assuming, arguendo, that Bazzy pursues a third party tort action against the uninsured motorist and recovers monies to cover medical expenses, AMS would be able to seek reimbursement at that point. Should any party fail to account for AMS's right to reimbursement in making payment only to the insured, AMS would be entitled to indemnification against that party. *See* M.C.L. § 500.3116(3). At best, however, AMS's request is premature. Therefore, a declaratory judgment at this time is not appropriate.

### IV.

For the foregoing reasons, AMS's motion is DENIED, State Farm's motion is GRANTED. This case is DISMISSED.

SO ORDERED.