GUNSELL v RYAN

Docket No. 203180. Submitted January 5, 1999, at Detroit. Decided June
    15, 1999, at 9:00 A.M.

> Edward and Margaret Gunsell brought an action in the Genesee Cir-
> cuit Court against Frank Ryan and Wayne Fenlon, seeking damages
> for back injuries sustained by Edward, an employee of the United
> States Postal Service, that occurred at work when he lifted the rear
> door of a semitrailer owned by Ryan, an independent contractor
> hired by the postal service to deliver mail. The plaintiffs alleged
> that Ryan and Fenlon, the truck's driver, failed to properly maintain
> the door. Edward recovered his lost wages and medical expenses
> under the Federal Employees' Compensation Act, 4 USC 8101 *et
> seq.*, the federal equivalent of Michigan's Worker's Disability Com-
> pensation Act. The plaintiffs also filed a first-party claim for per-
> sonal injury protection benefits with their no-fault automobile
> insurance carrier. The carrier denied the claim under the parked
> vehicle provision of the no-fault act, MCL 500.3106(2)(a); MSA
> 24.13106(2)(a). The plaintiffs' action apparently was brought as a
> third-party claim under the no-fault act, however, after the plain-
> tiffs filed the action, federal authorities filed a lien to recover the
> cost of Edward's federal benefits from any tort recovery. The court,
> Thomas C. Yeotis, J., granted the plaintiffs' motions to change the
> case designation, from one signifying a personal injury claim aris-
> ing out of the use of a motor vehicle to one signifying all other per-
> sonal injury claims, and to dismiss those portions of the complaint
> concerning the no-fault act, so they could proceed under a general
> negligence principle. The jury awarded the plaintiffs economic
> damages for lost wages and medical expenses (the amount of the
> federal lien) and noneconomic damages. The jury found Fenlon not
> negligent. Ryan appealed from the judgment entered by the court,
> claiming that the court erred in allowing the plaintiffs to bypass the
> strictures of the no-fault act and bring the action as a straight negli-
> gence action.

> The Court of Appeals *held*:

> 1. Because the semitrailer was being used as a vehicle, the case
> should have been decided pursuant to the no-fault act.

2. The court erred in finding that the injury did not arise out of the ownership, operation, maintenance, or use of a parked vehicle on the basis that § 3106 removes the case from the application of the no-fault act.

3. Subsection 3106(1)(b) preserves as no-fault cases those cases involving parked vehicles where the injury occurred as a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used. Subsection 3106(2) provides an exception to subsection 3106(1)(b) and states that if benefits for the injury are available under the Worker's Disability Compensation Act or a similar federal law, then the injury did not arise from the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle. Three conditions must be met before an insurer can deny coverage under subsection 3106(2). First, the vehicle must be parked. Second, benefits must be "available to an employee" under the worker's compensation statute or similar law of another state or the federal government. Third, the employee must be loading or unloading the vehicle, performing mechanical work, or entering into or alighting from the vehicle when injured.

4. The second condition was not met in this case. Federal payments are not "benefits" for the purposes of subsection 3106(2) in cases like this where the injured party must repay federal benefits from a tort recovery. To the extent Edward must repay his benefits to the federal government, they are not "benefits available" for purposes of subsection 3106(2).

5. The no-fault insurer must fill the void left by federal laws requiring restitution. The no-fault insurer must pay personal protection benefits to the extent restitution is required.

Reversed.

1. INSURANCE — NO-FAULT — WORKER'S COMPENSATION — REIMBURSEMENT OF FEDERAL BENEFITS — WORDS AND PHRASES — BENEFITS AVAILABLE TO EMPLOYEE.

Worker's compensation benefits received by a federal employee under the Federal Employees' Compensation Act, which are required to be reimbursed to the federal government from the proceeds of a tort recovery, are not benefits "available to an employee" for purposes of applying the exception to subsection 3106(1)(b) of the no-fault act provided in subsection 3106(2) of the act (5 USC 8101 *et seq.*; MCL 500.3106[1][b], [2]; MSA 24.13106[1][b], [2]).

2. INSURANCE — NO-FAULT — PARKED VEHICLES — WORKER'S COMPENSATION.

Three conditions must be met before a no-fault insurer can deny coverage to an employee who was injured in an accident involving a

parked vehicle as a direct result of physical contact with equipment permanently mounted on the vehicle while the equipment was being operated or used: first, the vehicle must have been parked; second, benefits must be available to the employee under the worker's compensation statute or similar law of another state or the federal government; third, the injury must have been sustained while the employee was loading or unloading the vehicle, performing mechanical work, or entering into or alighting from the vehicle (MCL 500.3106[1][b], [2]; MSA 24.13106[1][b], [2]).

*Michael J. Kelly*, for the plaintiffs.

*O'Neill, Wallace & Doyle, P.C.* (by *Terence J. O'Neill*), for Frank Ryan.

Before: HOEKSTRA, P.J., and DOCTOROFF and O'CONNELL, JJ.

PER CURIAM. Defendant Frank Ryan (hereafter defendant) appeals as of right from a judgment entered pursuant to the jury's verdict in favor of plaintiffs. Because we find that plaintiffs should have brought this suit as a third-party claim under the no-fault act, MCL 500.3135; MSA 24.13135, we reverse.

I

Plaintiff Edward Gunsell[1] injured his back while working as a mail dispatcher for the United States Postal Service. Defendant is an independent contractor hired by the postal service to deliver mail. Plaintiff injured his back when he lifted the rear door of defendant's small semitrailer, which was not working properly. Plaintiff recovered his lost wages and medical expenses under the Federal Employees' Compensation Act, 5 USC 8101 *et seq.* He also filed a first-

---

[1] Margaret Gunsell's claim is for loss of consortium. For the sake of clarity, we will refer to Edward Gunsell alone as plaintiff.

party claim for personal injury protection benefits with his automobile insurance carrier. His carrier apparently denied the claim under the parked vehicle provision of the no-fault act, MCL 500.3106(2)(a); MSA 24.13106(2)(a).

Plaintiff then brought this lawsuit against defendants Frank Ryan, the owner of the delivery company, and Wayne Fenlon, the truck's driver, claiming that their failure to properly maintain the semitrailer door caused his injuries. Initially, plaintiff appeared to bring this suit as a third-party claim under the no-fault act. MCL 500.3135(1); MSA 24.13135(1).[2] However, after plaintiff filed suit, federal authorities filed a lien to recover the cost of plaintiff's federal benefits from any tort recovery. See 5 USC 8132. Plaintiff then moved to change the case designation from "NI," which signifies a personal injury claim arising out of the use of a motor vehicle, to "NO," which signifies all other personal injury claims. MCR 8.117(B)(3)(a), (h). He also moved to dismiss those portions of his complaint concerning the no-fault act, so that he could proceed under a general negligence principle.

The trial court granted plaintiff's motion. Its ruling eased plaintiff's burden at trial, because plaintiff no longer had to prove a serious impairment of body function, and allowed him to pursue economic damages he could not have recovered under the no-fault act.[3] MCL 500.3135(1); MSA 24.13135(1). Following a

---

[2] In his initial complaint, plaintiff argued that his back injury was a serious impairment of a body function, an allegation that a plaintiff makes when trying to recover from a third party under the no-fault statute. MCL 500.3135(1); MSA 24.13135(1).

[3] Recovery under the no-fault act, with the federal lien pending, could result in a net loss for plaintiff. Under the no-fault act, he is permitted to recover only noneconomic damages. His federal compensation covered

trial, the jury awarded plaintiff economic damages for lost wages and medical expenses (the amount of the federal lien) and noneconomic damages. The jury found defendant Fenlon not negligent.

On appeal defendant Ryan argues that the trial court erred in allowing plaintiff to bypass the strictures of the no-fault act, because defendant's liability was premised on his ownership, operation, maintenance, or use of a motor vehicle. Whether the trial court erred in granting plaintiff's motion to amend his complaint to bring this action as a straight negligence suit is a question of law; as such, we review it de novo. *Frericks v Highland Twp*, 228 Mich App 575, 583; 579 NW2d 441 (1998). We agree with defendant and hold that this case should have been decided under the no-fault statute with its attendant limitations on third-party liability. Consequently, the trial court erred in permitting plaintiff to bring this suit outside the no-fault act.

Under the no-fault act, a person's personal no-fault insurer stands primarily liable for all economic damages stemming from injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle. *Lee v DAIIE*, 412 Mich 505, 515; 315 NW2d 413 (1982). The party whose ownership, operation, maintenance, or use of a motor vehicle causes injury is liable to the injured party for noneconomic damages only if the injured party sustained a serious impairment of body function, permanent serious disfigurement, or death. MCL 500.3135(1); MSA 24.13135(1). The injured party can recover economic damages

only economic damages. Unless allowed to recover economic damages in his lawsuit, he would be forced to repay the federal government out of his noneconomic recovery.

only if the damages exceed the benefits recoverable under the act, MCL 500.3135(3)(c); MSA 24.13135(3)(c). A party injured through the ownership, operation, maintenance, or use of a motor vehicle must seek recovery within the strictures of the no-fault act. See *Michigan Bell Telephone Co v Short*, 153 Mich App 431, 434; 395 NW2d 70 (1986).

Plaintiff argued below, and the trial court agreed, that his injury did not arise out of the ownership, operation, maintenance, or use of a parked vehicle, because MCL 500.3106; MSA 24.13106 removes the case from the no-fault act. Under that provision, certain cases involving parked vehicles are excluded from the no-fault act's general abolition of motor vehicle tort liability. However, the statute preserves as no-fault cases those cases involving parked vehicles where the injury occurred

> as a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process. [MCL 500.3106(1)(b); MSA 24.13106(1)(b).]

The statute then qualifies this exception. If the injury is covered by the Worker's Disability Compensation Act or a "similar federal law," then the injury did not arise from the "ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle . . . ." MCL 500.3106(2); MSA 24.13106(2). Plaintiff argues that this provision removes his case from the strictures of the no-fault act, and, therefore, the case can be properly tried under general negligence principles. We disagree.

Because plaintiff was working as a federal employee, he was compensated under the federal equivalent of Michigan's Worker's Disability Compensation Act, a law both parties agree meets the "similar" requirement of MCL 500.3106(2); MSA 24.13106(2). This provision of Michigan's no-fault act is designed to prevent duplicative recovery in no-fault act cases. *North v Kolomyjec*, 199 Mich App 724, 728-729; 502 NW2d 765 (1993).[4] As we stated in *North*, it addresses only whether a plaintiff can recover from his no-fault insurer, not whether a plaintiff can escape the limitations of the no-fault act in his suit against a third-party defendant in a case involving a vehicle as *a motor vehicle. Id.* In other words, the fact that plaintiff cannot recover from his insurer is not relevant to whether he can bring his third-party case outside Michigan's no-fault act. In this case, the semitrailer was being used as a vehicle; therefore, plaintiff should have been subject to the limitations of the no-fault act.[5]

---

[4] "The clear intent of the Legislature in § 3106 was to eliminate duplication of the medical and wage-loss benefits of workers' compensation with the first-party medical and wage-loss benefits afforded by the no-fault act." *North*, at 728-729.

[5] Plaintiff argues that the semitrailer was not being used as a vehicle. However, a plain reading of the statute confounds this argument. First, under MCL 500.3106(1)(b); MSA 24.13106(1)(b), injury from a parked vehicle still falls under the no-fault act if

the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

Here, the door was equipment permanently mounted on the vehicle, and plaintiff was lifting property from the vehicle in an unloading process. Although MCL 500.3106(2); MSA 24.13106(2) removes from the no-fault act those cases where worker's compensation laws cover the damages for injuries from loading or unloading trucks, for reasons yet to be discussed

II

Plaintiff argues that requiring him to bring this action as a third-party claim under the no-fault statute unfairly limits his net recovery to noneconomic damages minus economic damages, a result seemingly not contemplated by the Legislature. For example, if plaintiff had received worker's compensation under state law, he would be entitled to keep that money and pursue noneconomic damages *in addition to* his worker's compensation. Here, however, he must use his noneconomic damages to repay the benefits he received under the federal compensation statute. This apparent inequity between the different net recoveries under state and federal law arises because federal law preempts state law, and the federal statute under which plaintiff received his benefits requires restitution from damages recovered in a tort suit based on the same accident. The trial court expressed concern for plaintiff's predicament when it allowed him to bring this suit outside the no-fault act. Defendant, on the other hand, argues that plaintiff has mistakenly assumed that his personal no-fault insurer properly denied him benefits under MCL 500.3106(2); MSA 24.13106(2). That is, defendant argues, the insurer should have approved plaintiff's claim because MCL 500.3106(2); MSA 24.13106(2) does not apply where federal law requires this type of restitution. For the reasons discussed below, we agree with defendant and find on the basis of the facts contained in this record that plaintiff's personal no-fault insurer

---

we find that this section does not apply to the instant case. Because the requirements of MCL 500.3106(2); MSA 24.13106(2) are not met, the case falls under MCL 500.3106(1)(b); MSA 24.13106(1)(b).

cannot escape its obligation to pay benefits. Therefore, plaintiff is not subject to the alleged inequity; he can recover economic damages from his no-fault insurer.

The provision under which plaintiff claims his personal no-fault insurer properly denied his claim for benefits states, in pertinent part:

> Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969 . . . , or under a similar law of another state or under a similar federal law, are available to an employee who sustains the injury in the course of his or her employment while doing either of the following:
>
> (a) Loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle. . . .
>
> (b) Entering into or alighting from the vehicle unless the injury was sustained while entering into or alighting from the vehicle immediately after the vehicle became disabled . . . . [MCL 500.3106(2); MSA 24.13106(2).]

Under this provision, three conditions must be met before an insurer can deny coverage. First, the vehicle must be parked. Second, benefits must be "available to an employee" under the worker's compensation statute or similar legislation of another state or the federal government. Third, the employee must be loading or unloading the vehicle, performing mechanical work, or entering into or alighting from the vehicle when injured. In this case, we find that the second condition was not met; specifically, "benefits"—as the term is used in the statute—were not "available to an employee." Because the second condition was not met, this section does not apply to plaintiff's accident,

and the insurance company cannot use it to deny plaintiff's claim for personal benefits.

As noted above, MCL 500.3106(2); MSA 24.13106(2) was designed to prevent injured parties from recovering worker's compensation benefits and no-fault insurance benefits for the same accident. *North, supra* at 728-729. Similar provisions are found in MCL 500.3109; MSA 24.13109, which requires that some alternative forms of compensation be subtracted from the personal protection insurance benefits paid by no-fault insurers. These provisions prevent double recovery for the same accident. However, in cases like this one, where a plaintiff must repay his federal benefits from his tort recovery, our Supreme Court has held that the federal payments are not "benefits" for purposes of the statute:

> [T]o the extent that the reduction in the automobile insurer's responsibility is from a source that retrieves reimbursement from the injured person's tort recovery, the amount so retrieved should not be deemed "benefits provided" within the meaning of the automobile no-fault act relieving the primarily liable automobile insurer of its primary responsibility to pay full benefits without reduction by reason of any tort recovery. . . .

> \*　\*　\*

> We are persuaded that when the automobile no fault act speaks of benefits "provided," it means benefits permanently provided. [*Sibley v DAIIE*, 431 Mich 164, 169-170; 427 NW2d 528 (1988).]

Therefore, the no-fault insurer must fill the void left by federal laws requiring restitution. Where the federal government requires a beneficiary to repay the compensation, the no-fault insurer must pay personal

protection benefits to the extent restitution is required.

The *Sibley* Court's logic applies in the instant case, even though we are faced with a different provision of the no-fault act. To the extent that plaintiff must repay his benefits, they are not "benefits available" for purposes of the statute, and one of the three conditions listed in MCL 500.3106(2); MSA 24.13106(2) remains unfulfilled. Therefore, it would be improper for the insurer to deny benefits, at least under this provision, and plaintiff is not required to accept a net recovery less than that recoverable under state law.

This holding applies only to those cases involving federal benefits. *Great Lakes American Life Ins Co v Citizens Ins Co*, 191 Mich App 589, 599; 479 NW2d 20 (1991).[6] In this case, the benefits raise the federal preemption question,[7] and we follow the holding and logic of *Sibley, supra*, in finding that the insurer is liable for that amount that must be repaid to the federal government.

Given our resolution of this issue, we need not address defendant's remaining issues on appeal.

Reversed. We do not retain jurisdiction.

---

[6] "[T]he *Sibley* approach is limited to cases involving federal preemption." *Great Lakes Ins*, at 599.

[7] Federal law preempts Michigan law. Therefore, we cannot hold that the federal government's lien is unenforceable under the no-fault statute. *Sibley, supra* at 170.