Memorandum Opinion.
At issue is whether defendant insurer is liable to plaintiff for personal protection insurance benefits under the no-fault act, MCL *384 500.3101 et seq. MCL 500.3105(1) sets forth the parameters of personal protection insurance coverage. It provides:
Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter. [MCL 500.3105(1).]
The next section of the act, MCL 500.3106, explains when such liability attaches in the case of a parked vehicle:
Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
(b) ... [T]he injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used....
(c) ... [T]he injury was sustained by a person while occupying, entering into, or alighting from the vehicle. [MCL 500.3106(1).]
MCL 500.3106(1) expressly delineates when “accidental bodily injury aris[es] out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle” if the vehicle is parked. Therefore, in the case of a parked motor vehicle, a claimant must demonstrate that his or her injury meets one of the requirements of MCL 500.3106(1) because unless one of those requirements is met, the injury does not arise out of the use of a vehicle as a motor vehicle, under MCL 500.3105(1). The question here is whether plaintiff qualifies under the exceptions found in MCL 500.3106(1)(b) or (c).
MCL 500.3106(1)(b) centers on the distinction be *385 tween “equipment” and “the vehicle.” “Equipment” is defined as “the articles, implements, etc., used or needed for a specific purpose or activity,” while “vehicle” is defined as “any means in or by which someone or something is carried or conveyed: a motor vehicle” or “a conveyance moving on wheels, runners, or the like, as an automobile.” Random House Webster’s College Dictionary (1997). Because all functioning vehicles must be composed of constituent parts, no single article constitutes “the vehicle.” This reality creates the potential for the definition of “equipment” to engulf that of “the vehicle.” However, the language of MCL 500.3106(1)(b) forecloses this possibility by requiring that the “equipment” be “mounted on the vehicle,” which indicates that the constituent parts of “the vehicle” itself are not “equipment.”
With respect to MCL 500.3106(1)(c), “alight” means “to dismount from a horse, descend from a vehicle, etc.” or “to settle or stay after descending; come to rest.” Random House Webster’s College Dictionary (1997). See also New Shorter Oxford English Dictionary (defining “alight” as “to descend and settle; come to earth from the air”).[1] Moreover, that the injury must be sustained “while” alighting indicates that “alighting” does not occur in a single moment but occurs as the result of a process. The process begins when a person initiates the descent from a vehicle and is completed when an individual has effectively “descended] from a vehicle” *386 and has “come to rest” — when one has successfully transferred full control of one’s movement from reliance upon the vehicle to one’s body.[2] This is typically accomplished when “both feet are planted firmly on the ground.” Krueger v Lumbermen’s Mut Cas Co, 112 Mich App 511, 515; 316 NW2d 474 (1982).[3]
Based on the foregoing analysis, plaintiff is not entitled to benefits under the no-fault act because her injury did not arise out of the use of a parked vehicle under MCL 500.3106(1). Plaintiff was injured when she slipped and fell on a patch of ice while closing the passenger door of her vehicle. Plaintiff had placed a few personal items in the passenger compartment via the passenger door, stood up, and stepped out of the way of the door when she closed the door and fell. Insofar as she was in contact with the door of the vehicle at the time of her injury, she was clearly in contact with the vehicle itself, not with “equipment” mounted thereon. Therefore, her injury was not “a direct result of physical contact with equipment permanently mounted on the vehicle . .. .” MCL 500.3106(1)(b). Further, before *387 her injury, plaintiff had been standing with both feet planted firmly on the ground outside of the vehicle; she was entirely in control of her body’s movement, and she was in no way reliant upon the vehicle itself. Therefore, she was not in the process of “alighting from” the vehicle. MCL 500.3106(1)(c). At the time of her injury, plaintiff had already alighted.
Because the circumstances of plaintiffs injury are not included in any of the exceptions enumerated in MCL 500.3106(1), defendant is not liable to pay benefits under MCL 500.3105(1). Finally, because defendant did not owe benefits to plaintiff, its refusal to pay them was not unreasonable, and plaintiff is not entitled to attorney fees under MCL 500.3148(1). Moore v Secura Ins, 482 Mich 507, 526-527; 759 NW2d 833 (2008).
We reverse the Court of Appeals’ judgment and remand this matter to the trial court for further proceedings not inconsistent with this opinion.
Young, C.J., and Markman, Mary Beth Kelly, and ZAHRA, JJ., concurred.

 Justice Marilyn Kelly’s dissent analogizes “entering” and “alighting,” concluding that “[i]f opening a vehicle door is part of the entering process, it follows that closing a door can he and usually is part of the alighting process.” Post at 392. However, “alighting” is neither antonymous to “entering” nor synonymous with “exiting.” Therefore, even if opening a door is part of the entering process, and even if it follows that closing a door is part of the exiting process, it does not follow that closing a door is part of the alighting process.

 Contrary to Justice Marilyn Kelly’s implication, the foregoing analysis of “alighting” makes plain that merely placing one’s “feet outside the vehicle on the ground” does not constitute a completion of the alighting process. Post at 391. Rather, to complete the process, one must “successfully transfer[] full control of one’s movement from reliance upon the vehicle to one’s hody.”

 Justice Marilyn Kelly’s dissent correctly points out that the Krueger panel declined to provide “ ‘a complete definition’ ” of “alighting.” Post at 390-391 & n 7, quoting Krueger, 112 Mich App at 515. Krueger concluded that “an individual has not finished ‘alighting’ from a vehicle at least until both feet are planted firmly on the ground,” Krueger, 112 Mich App at 515, but this distinction supports the position of neither side here because it only describes a necessary condition of “alighting,” without considering its sufficiency. Further, as our analysis indicates, we define “alighting” without reference to Krueger and adopt the language “planted firmly” simply to illustrate when “alighting” has typically been accomplished.