# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 12, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

144781

CHARLES ANTHONY LEFEVERS,
        Plaintiff-Appellee,

v

                                        SC: 144781
                                        COA: 298216
                                        Wayne CC: 08-116325-NF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
        Defendant-Appellant,
and

TITAN INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE COMPANY,
STEADFAST INSURANCE COMPANY,
CLARENDON NATIONAL INSURANCE
COMPANY and REDLAND INSURANCE
COMPANY,
        Defendants.

_____/

On March 7, 2013, the Court heard oral argument on the application for leave to appeal the December 13, 2011 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we VACATE the December 13, 2011 judgment of the Court of Appeals and the January 31, 2012 order of the Court of Appeals denying the motion for reconsideration, and REMAND this case to the Wayne Circuit Court for further proceedings. The Court of Appeals erred by failing to recognize that the decision in *Frazier v Allstate Ins Co*, 490 Mich 381 (2011), effectively disavowed *Miller v Auto-Owners Ins Co*, 411 Mich 633 (1981), and *Gunsell v Ryan*, 236 Mich App 204 (1999), to the extent those decisions are inconsistent with *Frazier*. Specifically, *Frazier* effectively disavowed as dicta the portion of *Miller*, *supra*, stating: "Section 3106(b) recognizes that some parked vehicles may still be operated as motor vehicles, creating a risk of injury from such use as a vehicle. Thus a parked delivery truck may cause injury in the course of raising or lowering its lift or the door of a parked car, when opened into traffic, may cause an accident. Accidents of this type involve the vehicle as a motor vehicle." 411 Mich at 640. *Frazier* also effectively disavowed the discussion of MCL 500.3106(1)(b) in *Gunsell*, *supra*, 236 Mich App at 210 n 5.

On remand, the circuit court shall reconsider the defendant's motion for summary disposition in light of *Frazier*, and shall allow the parties to expand the evidentiary record to the extent necessary for a determination whether the tailgate on the plaintiff's dump trailer was "equipment permanently mounted on the vehicle" for purposes of MCL 500.3106(1)(b). For example, the parties shall be allowed to present evidence as to whether the tailgate was a constituent part of the "means in or by which [the contaminated soil was] carried or conveyed," and, if not, whether the tailgate was

nonetheless an "article[], implement[], etc.," that was "mounted on the vehicle" and "used or needed for a specific purpose or activity."

CAVANAGH, J. (*dissenting*).

I respectfully dissent from the majority's decision to vacate the Court of Appeals' judgment and remand the case to the trial court for further factual development.

In *Frazier v Allstate Ins Co*, 490 Mich 381, 385 (2011), a majority of this Court held that the "constituent parts of 'the vehicle' itself are not 'equipment'" for the purposes of MCL 500.3106(1)(b).[1] The majority reasoned that excluding the constituent parts of a vehicle from the definition of "equipment" prevented that definition from "engulf[ing]" the definition of "vehicle." *Id*. Accordingly, the majority held that the passenger door of a noncommercial vehicle was a constituent part of the vehicle itself, not equipment. *Id*. at 386. The *Frazier* majority, however, only considered the outer bounds of what parts of a vehicle should be excluded from the definition of "equipment" under MCL 500.3106(1)(b). As a result, the particularities of what amounts to a constituent part of the vehicle, on one hand, and what amounts to equipment, on the other hand, was left unanswered by *Frazier*. Indeed, the *Frazier* majority found it unnecessary to define the term "constituent" within the context of its analysis under MCL 500.3106(1)(b), and the majority fails to do so in its order today.[2]

---

[1] Given the majority's decision to remand this case to the trial court, I express no opinion about the merits of the *Frazier* majority's interpretation of MCL 500.3106.

[2] To resolve whether the tailgate on plaintiff's dump trailer was "equipment permanently mounted on the vehicle" for the purposes of MCL 500.3106(1)(b), the majority remands the case to the trial court. But I question whether further factual development is needed to resolve this case. Instead of factual uncertainty, I believe that the difficulties in this case arise from the fact that the tailgate at issue stands in stark contrast to the passenger door considered by the *Frazier* majority—a point that the Court of Appeals, when denying defendant's motion for reconsideration in light of the majority opinion in *Frazier*, has already discussed in distinguishing *Frazier*. Thus, without greater elaboration from this Court regarding *Frazier*'s interpretation of MCL 500.3106(1)(b), I question the benefit of a remand.

Moreover the majority's order assumes that the application of *Frazier* is straightforward and, under that guise, imposes a two-step analysis that will have the parties *first* address whether the tailgate was a "constituent part of the 'means in or by which [the contaminated soil was] carried or conveyed,'" and *only if* that question is answered in the negative will the parties be permitted to address the "specific purpose" of the tailgate as alleged equipment. I am uncertain regarding whether this two-step analysis was clearly contemplated by the *Frazier* majority, and such an analysis has the potential to result in an overly narrow definition of "equipment" that may be inconsistent with MCL 500.3106(b)(1).

Thus, I dissent from the majority's order because it leaves the parties and the courts below without a firm resolution of the issues that this Court asked the parties to address[3] and may result in an erroneous interpretation of MCL 500.3106(b)(1).

---

[3] See, also, *Ile v Foremost Ins Co*, 493 Mich 915, 915-916 (2012) (MARILYN KELLY, J., dissenting).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 12, 2013

Clerk

h0409