*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOROTHY KIRKLAND,

        Plaintiff-Appellee,

and

FARYN BRANCH,

        Plaintiff,

v

JOHN DOE and AUTO CLUB INSURANCE ASSOCIATION,

        Defendants,

and

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
October 15, 2019

No. 342912
Wayne Circuit Court
LC No. 17-000671-NI

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

        In this no-fault action, defendant State Farm Mutual Automobile Insurance Company (State Farm) appeals by leave granted[1] the circuit court's order denying its motion for partial summary disposition. The trial court concluded that a medical insurance plan provided to

---

[1] *Dorothy Kirkland v John Doe*, unpublished order of the Court of Appeals, entered August 10, 2018 (Docket No. 342912).

plaintiff Dorothy Kirkland (Dorothy), which is a federal Mail Handlers Benefit Plan (MHBP), "preempted" the coordination-of-benefits provision of Dorothy's no-fault policy with State Farm. We conclude that the trial court was incorrect to hold that State Farm is absolutely liable for all of plaintiff's medical expenses arising from the underlying automobile accident. But State Farm is not entitled to summary disposition. Rather, State Farm is responsible for those medical expenses paid by the MHBP and for which the MHBP seeks reimbursement. Thus, we affirm the circuit court's decision, but only to the extent that the circuit court denied the motion, and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Dorothy and her daughter, plaintiff Faryn Branch, allege that they were injured when a hit-and-run driver struck their vehicle from behind on July 1, 2016. Dorothy purchased a no-fault policy from State Farm, which provides coordinated coverage for medical claims. The policy contains an "excess" coordination-of-benefits clause, meaning that Dorothy must look to her medical insurance first for payment of her medical expenses. State Farm will then cover any remaining unpaid amounts.

Dorothy is a retired former employee of the postal service, and has medical insurance through the MHBP. This plan contains a reimbursement and subrogation section, which states the following:

> Our reimbursement and subrogation rights are both a condition of, and a limitation on, the benefit payments that you are eligible to receive from us.

> If you receive (or are entitled to) a monetary recovery from any source as the result of an injury or illness, you are required to reimburse us out of that recovery for any and all of our benefits paid to diagnose and treat that illness or injury to the full extent of the benefits paid or provided. Additionally, if your representatives . . . receive (or are entitled to) a monetary recovery from any source as a result of an injury or illness to you, they are required to reimburse us out of that recovery. This is known as our reimbursement right.

> The Plan may also, at its option, pursue recovery as successor to the rights of the enrollee or any covered family member who suffered an illness or injury, which includes the right to file suit and make claims in your name, and to obtain reimbursement directly from the responsible party, liability insurer, first party insurer, or benefit program. This is known as our subrogation right.

> Examples of situations to which our reimbursement and subrogation rights apply include, but are not limited to, when you become ill or are injured due to . . . (2) a motor vehicle accident . . . .

> *Our reimbursement and subrogation rights extend to all benefits available to you under any law or under any type of insurance or benefit program, including but not limited to:*

- *No-fault insurance and other insurance that pays without regard to fault, including personal injury protection benefits, regardless of any election made by you to treat those benefits as secondary to this Plan[.]*

* * *

We enforce this right of reimbursement by asserting a first priority lien against any and all recoveries you receive by court order or out-of-court settlement, insurance or benefit program claims, or otherwise . . . . Our subrogation or reimbursement interest shall be paid from the recovery you receive before any of the rights of any other parties are paid.

On January 9, 2017, plaintiffs filed the instant complaint, seeking no-fault benefits and other damages. State Farm moved for summary disposition, arguing that its coordination-of-benefits provision required Dorothy and her medical providers to seek payment from the MHBP. State Farm argued that it was liable for, at most, Dorothy's copays. State Farm noted that while some medical providers had submitted bills to the MHBP, others had only submitted their claims to State Farm.

In response, Dorothy explained that the MHBP had asserted a lien of $894.46 under its reimbursement clause. Dorothy explained that pursuant to the Federal Employees Health Benefits Act (FEHBA), 5 USC 8901 *et seq*., and regulations promulgated under that act, federal employee health plans are required to contain reimbursement and subrogation provisions. Further, the FEHBA and its associated regulations contain preemption provisions. Dorothy contended that the coordination-of-benefits provision of her State Farm policy was preempted by the federal regulations that governed her MHBP. As such, it did not matter if any of her medical providers submitted claims to her MHBP. Any amounts paid by the MHBP would be subject to reimbursement from State Farm. State Farm replied, arguing that there was no conflict between its policy and the MHBP policy. State Farm explained that the MHBP policy did not contain a coordination-of-benefits provision. State Farm argued that any right to reimbursement had nothing to do with coordinating benefits.

The trial court heard arguments and gave a brief explanation: "the MHB Plan preempts the state law and their plan says that they're not liable for no-fault benefits so . . . [d]efendant's motion is denied." The trial court entered an order denying State Farm's motion for summary disposition "based on federal pre-emption for the reasons stated on the record." State Farm sought leave to appeal in this Court, and this Court granted the application. *Dorothy Kirkland v John Doe*, unpublished order of the Court of Appeals, entered August 10, 2018 (Docket No. 342912).

II. ANALYSIS

A. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other

documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Id*. at 5.

## B. DISCUSSION

State Farm argues that the trial court erred by holding that the MHBP policy's reimbursement and subrogation language preempts State Farm's coordination-of-benefits provision. We agree that the trial court's analysis was flawed. However, the trial court was correct to deny State Farm's motion.

At the time of the accident and before, MCL 500.3109a provided:

An insurer providing personal protection insurance benefits under this chapter may offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. [MCL 500.3109a, as enacted by 2012 PA 454.][2]

In *Tousignant v Allstate Ins Co*, 444 Mich 301, 307-308; 506 NW2d 844 (1993), our Supreme Court explained:

Insureds who coordinate, and thus pay a reduced premium, . . . are deemed to have made the health insurer the "primary" insurer respecting injuries in an automobile accident. . . . [W]hen a no-fault insured coordinates no-fault and health coverages, health insurance is the "primary" coverage, and, thus, the health insurer is primarily liable for payment of the insured's medical expense. . . . [T]he legislative purpose in enacting §3109a [is to] eliminat[e], in exchange for a reduction of the premium charged for no-fault insurance, health care coverage under a no-fault policy that is duplicative of health care coverage with a health insurer.

There is no dispute in this case that Dorothy elected to coordinate her no-fault insurance and health care insurance. Thus, were it not for other factors, this would be a very simple case; Dorothy's medical insurance would be primarily liable for her medical expenses.

But in this case, questions regarding coverage have arisen because Dorothy's health care plan is one controlled by the FEHBA. The FEHBA permits the Office of Personnel Management (OPM) to contract with qualified carriers to offer health insurance plans for federal employees. 5 USC 8902(a). The FEHBA also contains a preemption provision:

---

[2] MCL 500.3109a was substantially rewritten as part of recent legislation reforming the no-fault act which took effect on June 11, 2019. See 2019 PA 21; 2019 PA 22. But as this Court recently explained in *George v Allstate Ins Co*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 341876); slip op at 3 n 3, "This case was commenced before the amendment and, therefore, it is controlled by the former provisions of the no-fault act." In any event, while worded differently, what was MCL 500.3109a is now contained in MCL 500.3109a(1).

The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans. [5 USC 8902(m)(1).]

The OPM is authorized to prescribe regulations "necessary to carry out this chapter." 5 USC 8913(a). 5 CFR 890.106(a) (2015) provides that "[a]ll health benefit plan contracts shall provide that the Federal Employees Health Benefits (FEHB) carrier is entitled to pursue subrogation and reimbursement recoveries, and shall have a policy to pursue such recoveries in accordance with the terms of this section." Pursuant to 5 CFR 890.106(b)(1) and (2) (2015):

(b)(1) Any FEHB carriers' right to pursue and receive subrogation and reimbursement recoveries constitutes a condition of and a limitation on the nature of benefits or benefit payments and on the provision of benefits under the plan's coverage.

(2) Any health benefits plan contract that contains a subrogation or reimbursement clause shall provide that benefits and benefit payments are extended to a covered individual on the condition that the FEHB carrier may pursue and receive subrogation and reimbursement recoveries pursuant to the contract.

And pursuant to 5 CFR 890.106(h) (2015):

A carrier's rights and responsibilities pertaining to subrogation and reimbursement under any FEHB contract relate to the nature, provision, and extent of coverage or benefits (including payments with respect to benefits) within the meaning of 5 USC 8902(m)(1). These rights and responsibilities are therefore effective notwithstanding any state or local law, or any regulation issued thereunder, which relates to health insurance or plans.

The United States Supreme Court has addressed these statutes and regulations. In *Coventry Health Care of Missouri, Inc v Nevils*, ___ US ___; 137 S Ct 1190; 197 L Ed 2d 572 (2017), the Court held that 5 USC 8902(m)(1) preempted a state statute that prohibited reimbursement and subrogation clauses. In doing so, the Court held (1) that reimbursement and subrogation clauses do relate to the "nature, provision, or extent of coverage or benefits," meaning that 5 USC 8902(m)(1) applies to such contract terms, *Coventry*, 137 S Ct at 1196-1198, and (2) that 5 USC 8902(m)(1) does not violate the Supremacy Clause by giving preemptive effect to contract terms rather than federal statutes, *id*. at 1198. It was the "statute, not a contract," that "strip[ped] state law of its force." *Id*.

State Farm is correct to argue that, at least with respect to the initial payment of benefits, preemption is not an issue because there is no conflict between the two policies. State Farm's policy requires Dorothy to look to medical insurance first before seeking payment for medical expenses from State Farm. Dorothy's medical insurance policy, provided by the MHBP, does not contain a coordination-of-benefits provision. And contrary to Dorothy's assertions on appeal, the MHBP does not explicitly exclude any coverage whatsoever for medical expenses

occasioned by an automobile accident for which no-fault benefits may be available. In fact, the MHBP seems to acknowledge that the plan will pay for such expenses in some circumstances. Section 9 of the MHBP policy brochure, entitled, "Coordinating benefits with Medicare and other coverage," states the following:

> You must tell us if you or a covered family member has coverage under any other health plan *or has automobile insurance that pays health care expenses without regard to fault.* This is called "double coverage".
>
> When you have double coverage, one plan normally pays in full as the primary payor and the other plan pays a reduced benefit as the secondary payor. We, like other insurers, determine which coverage is primary according to the National Association of Insurance Commissioners' (NAIC) guidelines. For more information on NAIC rules regarding the coordinating of benefits, visit the NAIC website at www.NAIC.org.
>
> *When we are the primary payor, we will pay the benefits described in this brochure.*
>
> When we are the secondary payor, we will determine our allowance. After the primary plan pays, we will pay what is left of our allowance, up to our regular benefit, or up to the member's responsibility as determined by the primary plan if there is no adverse effect on you (that is, you do not pay any more), whichever is less. We will not pay more than our allowance. The combined payment from both plans may be less than (but will not exceed) the entire amount billed by the provider.
>
> The provision applies whether or not a claim is filed under the other coverage. When applicable, authorization must be given to this Plan to obtain information about benefits or services available from the other coverage, or to recover overpayments from other coverages. [Emphasis added.]

Thus, and contrary to the trial court's ruling, the MHBP contemplates a scenario where the insured has a no-fault policy, yet the MHBP would be the primary payor.[3] When it comes to the initial payment of medical expenses, there is no conflict between the MHBP and Dorothy's no-fault policy with State Farm. The provision of the MHBP policy at issue is a *reimbursement* provision. Ultimately, the MHBP can only be reimbursed for claims that it had paid. Thus, unless a claim has been paid by the MHBP, there is no potential conflict between federal law and State Farm's policy.

---

[3] According to the MHBP policy, which insurer would be deemed primary is to be determined under NAIC guidelines. But neither party addresses the NAIC guidelines, or attempts to explain which insurer would be the primary payor under these guidelines.

But once the MHBP has paid a claim, the MHBP policy contains provisions allowing it to seek reimbursement of whatever amounts it pays. Under federal law, those provisions have been given preemptive effect. In *Sibley v Detroit Auto Inter-Ins Exch*, 431 Mich 164, 169-170; 427 NW2d 528 (1988), our Supreme Court stated:

> The primary underlying theme of the automobile no-fault act is that the automobile insurer pays without any right of reimbursement out of any tort recovery. It is an important, but secondary, concept that where benefits are provided from other sources pursuant to state or federal law, the amount paid by the other source reduces the automobile insurer's responsibility. But to the extent that the reduction in the automobile insurer's responsibility is from a source that retrieves reimbursement from the injured person's tort recovery, the amount so retrieved should not be deemed "benefits provided" within the meaning of the automobile no-fault act relieving the primarily liable automobile insurer of its primary responsibility to pay full benefits without reduction by reason of any tort recovery. Were it to be otherwise, the worker's tort recovery, contrary to the spirit of the automobile no-fault act, would be used, in effect, to reimburse the alternative source (the federal government) of the other "benefits provided" that substituted for automobile no-fault benefits.
>
> Because the reimbursement here is provided for by federal law, which preempts state law, we cannot, as in *Great American Ins v Queen*, 410 Mich 73; 300 NW2d 895 (1980), bar the alternative source (the federal government) from recovering against and from the tort recovery what it paid the injured worker. In fairness, however, in order to prevent a worker injured in an automobile accident from, in effect, paying for his own work loss/medical benefits, we can require the automobile no-fault insurer to repay benefits to that extent, in order to effectuate the underlying policies of the automobile no-fault act. [Footnote omitted.]

In *Gunsell v Ryan*, 236 Mich App 204, 213-214; 599 NW2d 767 (1999), overruled in part *sub silentio* on other grounds by *Frazier v Allstate Ins Co*, 490 Mich 381 (2011), as recognized by *Lefevers v State Farm Mut Auto Ins Co*, 493 Mich 960 (2013)[4], this Court extended the rationale in *Sibley*, holding that it was not limited to the statutory provision addressed in *Sibley*. This Court held that "[w]here the federal government requires a beneficiary to repay the compensation, the no-fault insurer must pay personal protection benefits to the extent restitution is required." *Gunsell*, 236 Mich App at 213-214. As such, State Farm must pay the amount for which the MHBP has already sought reimbursement. If the MHBP seeks reimbursement for further medical expenses stemming from the motor vehicle accident, State Farm will be liable for those amounts as well. Thus, the trial court was wrong to conclude that federal preemption requires State Farm to be solely or primarily responsible for all of Dorothy's medical benefits. But because State Farm's summary disposition motion asked that it be relieved of any obligation

---

[4] The portion of *Gunsell* that was overruled by *Frazier* concerns the parked vehicle exception stated in MCL 500.3106. *Lefevers*, 493 Mich 960.

to pay Dorothy's medical expenses, except for whatever copays she might be required to pay, the trial court was correct to deny the motion. State Farm must pay more than that. At a minimum, it owes the amount that the MHBP has sought to be reimbursed.

The trial court's order is affirmed, but only to the extent that order denied State Farm's summary disposition motion, and the matter is remanded for further proceedings consistent with this Court's opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola